IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02226-MSK-CBS

ROSALIA A. FAZZONE,

    Plaintiff,

v.

FRANKLIN D. AZAR & ASSOCIATES, P.C.,

    Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

This Stipulated Protective Order shall govern the disclosure of certain documents and the information contained therein, obtained as part of the discovery process in this case. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former employees, including the Plaintiff, representatives or agents of the Defendant Franklin D. Azar & Associates, P.C. (hereafter "Azar") and business and proprietary information of Azar, including files, documents, and other information related to or referencing Azar's past or present clients. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

persons employed by the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

the parties;

expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

other persons by prior written agreement of all the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form of the Non-Disclosure Agreement attached hereto (Exhibit A). All such Non-Disclosure Agreements shall be retained by counsel and subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. To the extent protected documents subject to this Stipulated Protective Order are used or disclosed in any deposition, the party that produced the protected documents shall have the right to require that all copies of the deposition be stamped "CONFIDENTIAL" and thereby made subject to the provisions hereof; said producing party shall be responsible for taking all necessary steps to ensure that the copies are so marked.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.  At the conclusion of this case, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may (if mutually agreed upon in writing) elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. Nothing contained herein shall restrict or affect the Court in its handling of the pretrial proceedings or trial in this matter.

ORDERED this ___ day of July, 2005.

BY THE COURT:

7569\5\923816.1                    4

_____
United States Magistrate Judge

7569\5\923816.1                                         5

STIPULATED TO AND APPROVED AS TO FORM this 15th day of July, 2005.

By: /s Joaquin G. Padilla
    Joaquin G. Padilla
    LAW OFFICES OF JOAQUIN G. PADILLA, PLLC
    1775 Sherman Street, Suite 2550
    Denver, Colorado 80203-4322
    Telephone: (303) 839-5129
    Facsimile: (303) 839-1827
    E-mail: jgp@jpadillalaw.com

ATTORNEYS FOR PLAINTIFF
ROSALIA A. FAZZONE


/s Meghan W. Martinez
Meghan W. Martinez
Elizabeth R. Imhoff
BROWNSTEIN HYATT & FARBER, P.C.
410 17th Street, 22nd Floor
Denver, Colorado 80202
Phone: (303) 223-1100
Fax: (303) 223-1111
E-mail: mmartinez@bhf-law.com
       eimhoff@bhf-law.com

ATTORNEYS FOR DEFENDANT
FRANKLIN D. AZAR & ASSOCIATES, P.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02226-MSK-CBS

ROSALIA A. FAZZONE,

    Plaintiff,

v.

FRANKLIN D. AZAR & ASSOCIATES, P.C.,

    Defendant.

## NON-DISCLOSURE AGREEMENT

STATE OF COLORADO    )
                              ) ss.
COUNTY OF _____ )

    1.    My name is _____ My business affiliation is _____, and my title, if any, is _____

    2.    I reside at _____ and my home telephone number is (___)    My business address and telephone number are _____, (___) _____

    3.    I am aware that a Protective Order has been entered in *Rosalia A. Fazzone v. Franklin D. Azar & Associates, P.C.,* Case No. 04-cv-2226-MSK-CBS, now pending in the United States District Court for the District of Colorado. A copy of that Protective Order has been given to me, and I have read and understand the terms of the Protective Order.

7569\5\923829.1

4. I promise that any document marked "CONFIDENTIAL" or marked as containing "CONFIDENTIAL Information" will be used by me only in connection with assisting the parties or their counsel in preparing for the resolution of the above-referenced litigation.

5. I promise that I will not disclose or discuss such CONFIDENTIAL documents or "CONFIDENTIAL Information" with any person other than the parties to this action, their respective attorneys, members of their attorneys' staff, or in consultation with expert witnesses retained by any party.

6. I understand that any use of "CONFIDENTIAL Information" or documents marked CONFIDENTIAL (or any portions or summaries thereof) that are subject to the Stipulated Protective Order in any manner contrary to the provisions of the Stipulated Protective Order or this Nondisclosure Agreement may subject me to the summary sanctions of the Court for contempt.

_____          By: _____
DATE                                    Title (if applicable): _____

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2005, by _____

_____
Notary Public

My Commission Expires:

7569\5\923829.1                             2